UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


REGINALD WALKER,

                    Petitioner,              Case Number: 06-15686

v.                                           HONORABLE AVERN COHN

GREG McQUIGGIN,

                    Respondent.
_____/


**ORDER ADOPTING REPORT AND RECOMMENDATION**
**AND**
**DENYING APPLICATION FOR WRIT OF HABEAS CORPUS**
**AND**
**DISMISSING CASE**

I.

        This is a habeas case under 28 U.S.C. § 2254.  Petitioner Reginald Walker

(Petitioner), a state prisoner convicted by a jury of first degree murder and possession

of a firearm during the commission of a felony, claims he is incarcerated in violation of

his constitutional rights.  Petitioner specifically claims that he was denied the right to

effective assistance of counsel for trial counsel's failure to raise the defense of insanity.

As will be explained, the issue is whether the state court's determination that Petitioner

was not prejudiced by counsel's failure to present a defense is an unreasonable

application of federal law.  The matter was referred to a magistrate judge for a report

and recommendation (MJRR).  The magistrate judge recommends that the petition be

denied for lack of merit.

Before the Court are Petitioner's objections to the MJRR.  For the reasons that follow, the objections will be overruled, the MJRR will be adopted, and the petition will be denied.

II.

The MJRR accurately sets for the background of the case.  Briefly, Petitioner's convictions arose from the shooting death of Larry Troup.  The testimony presented showed Petitioner shot Troup while at a drug store after Walter Gainer, who was with Troup, leaned back into Petitioner.  Neither Gaiter or Troup was armed.  After the shooting, Petitioner picked up the clip that had fallen to the floor, put it in his pocket, and walked off.  Petitioner later hid the gun.  Petitioner testified at trial that the shooting was in self-defense.

Petitioner filed a direct appeal, contending that trial counsel was ineffective for failing to present an insanity defense.  The Michigan Court of Appeals found that trial counsel's failure to investigate such a defense was objectively unreasonable.  That is, the court of appeals found trial counsel was constitutionally deficient.  However, the court of appeals remanded the case for an evidentiary hearing on whether Petitioner was prejudiced by trial counsel's performance.  See People v. Walker, No. 233494, 2003 WL 133057 (Mich. Ct. App. Jan. 3, 2003).  On remand, the trial court conducted a multi-day evidentiary hearing where testimony was presented from Dr. Steven Miller, who testified Petitioner was legally insane at the time of the offense.  Dr. Dexter Fields testified Petitioner, although suffering from mental illness, was not legally insane at the time.  Petitioner's trial counsel also testified as to why he believed an insanity defense, if presented, would not have affected the outcome.  The trial counsel ultimately concluded

2

Petitioner was not prejudiced.  The Michigan Court of Appeals affirmed.  See People v. Walker, No. 249406, 2005 WL 657727 (Mich. Ct. App. Mar. 22, 2005).  The Michigan Supreme Court denied leave.  See People v. Walker, 474 Mich. 873 (2005).

III.

Petitioner raises an ineffective assistance of counsel claim.  The question implicated by this claim is whether the Michigan Court of Appeals' unreasonably applied Strickland v. Washington, 466 U.S. 668 (1984) in determining that although trial counsel was deficient, Petitioner was not prejudiced and therefore did not receive ineffective assistance of counsel.  An "unreasonable application occurs" when "a state-court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case."  Williams v. Taylor, 529 U.S. 362, 409 (2000).  A federal habeas court may not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly.  Rather, that application must also be unreasonable."  Id. at 410-11.  To satisfy the prejudice prong, Petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome."  Id. at 694.  "[T]he focus should be on whether the result of the trial was 'fundamentally unfair or unreliable.'"  Tinsley v. Million, 399 F.3d 796, 802 (6th Cir. 2005), quoting Lockhart v. Fretwell, 506 U.S. 364, 369 (1993).

3

IV.

A.

A district court must conduct a <u>de novo</u> review of the parts of a magistrate

judge's report and recommendation to which a party objects.  28 U.S.C. § 636(b)(1).

The district "court may accept, reject, or modify, in whole or in part, the findings or

recommendations made by the magistrate" judge.  <u>Id</u>.  The requirement of <u>de novo</u>

review "is a statutory recognition that Article III of the United States Constitution

mandates that the judicial power of the United States be vested in judges with life

tenure."  <u>United States v. Shami</u>, 754 F.2d 670, 672 (6th Cir. 1985).  Accordingly,

Congress enacted 28 U.S.C. § 636(b)(1) to "insure[] that the district judge would

be the final arbiter" of a matter referred to a magistrate judge.  <u>Flournoy v. Marshall</u>, 842

F.2d 875, 878 (6th Cir. 1987).

B.

Petitioner makes seven separate objections to the MJRR.  Each is addressed in

turn.

1.    The procedural history understates the holding of the Michigan Court of
       Appeals' finding trial counsel's performance objectively unreasonable.

This objection takes issues with the way in which the MJRR set forth the

procedural history of the case, arguing that the magistrate judge failed to appreciate that

the Michigan Court of Appeals remanded Petitioner's ineffective assistance of counsel

claim after having found trial counsel was constitutionally deficient in failing to raise an

insanity defense.  Putting aside that this objection does not go to the substance of the

MJRR, it is not well-taken.  The magistrate judge accurately set forth the procedural

4

history, as evidenced by the following statement:

> The court of appeals held that trial counsel's failure to investigate an insanity defense was objectively unreasonable and remanded for an evidentiary hearing . . . **to determine whether counsel's failure to seek an independent evaluation of Petitioner in support of an insanity defense was prejudicial**.

MJRR at p. 2 (emphasis added).  This statement makes clear that court of appeals found trial counsel deficient and the sole issue was whether Petition was prejudiced by trial counsel's performance.  The magistrate judge did not have to further elaborate.

> 2.      The summary of the evidentiary hearing omits several key facts that demonstrate an insanity defense.

In this objection, Petitioner says the magistrate judge failed to highlight certain testimony at the evidentiary hearing, particularly from Dr. Miller, who opined that Petitioner was legally insane.  This non-substantive objection is also not well-taken. The fact that the MJRR did not articulate the full testimony presented at the evidentiary hearing does not meant that the magistrate judge failed to review and consider the entirely of Dr. Miller's testimony, as well as the record of the evidentiary hearing, in concluding that Petitioner cannot establish prejudice from trial counsel's conduct.

> 3.      The magistrate judge wrongly concluded that [Petitioner's] insanity defense would not succeed at trial.

Petitioner says that the record shows he was prejudiced by trial counsel's failure to present an insanity defense because "a qualified defense expert diagnosed [Petitioner] as legally insane at the time of the shooting, and the prosecution expert found otherwise, a jury could certainly acquit [Petitioner] by reason of insanity." (Objections at p. 5).  Petitioner goes on to say that credibility determinations, as between the competing experts, are for a jury, not the magistrate judge.  This argument

is misguided.  The question on habeas review is whether the state court's conclusion

that Petitioner was not prejudiced because he failed to show the result of the

proceedings "would have been different" was an unreasonable application of <u>Strickland</u>

based on the record.  The fact that Petitioner has a expert who opines he was insane is

not sufficient evidence to meet the stringent standard on habeas review.  In other

words, Petitioner must show more than simply a difference in expert opinions.  Given

the conflicting expert opinions and evidence which undermined a finding of insanity, it

cannot be said on habeas review that the state court's conclusion that Petitioner was

not prejudiced was unreasonable.  As the Michigan Court of Appeals noted:

> . . . defendant's actions, such as picking up the clip after the shooting,
> leaving the scene of the crime, going to an abandoned house and hiding the gun
> in a hole, suggest that defendant recognized the consequences of his criminal
> behavior, and that his behavior was wrongful.  The evidence further shows that
> defendant lied to the police by giving them aliases on three different occasions.
> Even with Dr. Stephen Miller's testimony in favor an insanity defense, in light of
> evidence that defendant had the consciousness of guilt, we conclude that there is
> not a reasonable probability that defendant had a likely chance of acquittal.

<u>People v. Walker</u>, No. 249406, slip op. at p. 3.  The court of appeals also noted, as did

the magistrate judge, that Petitioner chose to give testimony and present a defense of

self-defense.  This fact also demonstrates that the result of the proceedings would not

have been different.

4.      Mr. Walker's actions during an after the shooting do not show evidence of
        guilt.

In this objection, Petitioner relies on Dr. Miller's testimony where he opined that

defendant's actions after the shooting (outlined above) were not necessarily

inconsistent with a finding of insanity.  He also cites Dr. Miller's testimony where he was

critical of Dr. Field's contrary opinion.  Again, this objection misses the focus of the

6

Court's review.  The fact that Dr. Miller rendered an opinion that Petitioner was legally

insane does not automatically result in a finding that Petitioner was prejudiced.  Again,

the question is whether the state court's reasonably applied <u>Strickland</u> based on the

record.  Because the record has significant evidence that Petitioner was not insane, he

cannot show prejudice.

5.      Mr. Walker's statements to the police are not relevant to a juror's
        evaluation of insanity.

Again, this objection presents nothing more than a disagreement of opinion as to

Petitioner's actions.  It does not show the magistrate judge erred in its conclusion.

6.      Dr. Field's evaluation of criminal responsibility did not disprove the insanity
        defense as a matter of law

In this objection, Petitioner says that "juries that chose to acquit by reason of

insanity generally do so in spite of a recommendation of a prosecution expert that

concludes otherwise."  (Objections at p. 7).  Therefore, Petitioner says that it is for a jury

to determine whether Dr. Field's evaluation was credible and the magistrate judge erred

in resolving a jury question.  This objection is not well-taken.  The magistrate judge did

not weight the credibility of the experts or otherwise engage in a jury function.  This is

not a case on direct review.  This is a habeas case.  The magistrate judge reviewed the

state court's conclusion and concluded it was reasonable based on the record.  The

record contains evidence both helpful and harmful to Petitioner.  Under these

circumstances, the conclusion that Petitioner was not prejudiced was reasonable.

7.      The allegation that Mr. Walker's "stories changed depending on whom he
        was talking to" is exaggerate and would not have a significant impact on
        any insanity defense.

The magistrate judge noted that Petitioner gave differing accounts of the events

7

to the police and to Dr. Miller, who examined Petitioner two years after the incident, and

as well as to Dr. Fields.  This objection simply offers a different interpretation of the

record.  Because state court factual findings are presumed to be correct, this objection

does not establish that the state courts erred in finding Petitioner was not prejudiced.

C.

The overriding theme of Petitioner's objections is to attack the inferences which

can be drawn from the factual record and to place a heavy reliance on Dr. Miller's

opinion.  His objections miss the mark because of the Court's limited role on habeas

review where a state court has made a finding of no prejudice under Strickland.  As the

Supreme Court stated:

> The court may grant relief under the "unreasonable application" clause if the state court correctly identifies the governing legal principle from our decisions but unreasonably applies it to the facts of the particular case.  Id., at 407-408, 120 S.Ct. 1495.  The focus of the latter inquiry is on whether the state court's application of clearly established federal law is objectively unreasonable, and we stressed in Williams that an unreasonable application is different from an incorrect one.  Id., at 409-410, 120 S.Ct. 1495. See also id., at 411, 120 S.Ct. 1495 (a federal habeas court may not issue a writ under the unreasonable application clause "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly").

Bell v. Cone, 535 U.S. 685, 694 (2002).  Put simply, the Court is not evaluating the case

on direct review of considering what a jury should be left to determine.  Rather, the court

is reviewing whether the state court's decision on prejudice, which was based on a

factual evaluation, was a reasonable application of Strickland.

8

IV.

Accordingly, Petitioner's objections are OVERRULED.  The MJRR is ADOPTED as the findings and conclusions of the Court, as supplemented above.  Petitioner's application for writ of habeas corpus is DENIED.  This case is DISMISSED.

SO ORDERED.

 s/ Avern Cohn
AVERN COHN
UNITED STATES DISTRICT JUDGE

Dated:  January 14, 2010

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, January 14, 2010, by electronic and/or ordinary mail.

 S/Julie Owens
Case Manager, (313) 234-5160

9