UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

REGINALD WALKER,

        Petitioner,                    Case Number: 06-15686

v.                                                HONORABLE AVERN COHN

GREG McQUIGGIN,

        Respondent.
_____/

## ORDER GRANTING PETITIONER'S MOTION FOR A CERTIFICATE OF APPEALABILITY

I.

This is a habeas case under 28 U.S.C. § 2254. Petitioner Reginald Walker (Petitioner), a state prisoner convicted by a jury of first degree murder and possession of a firearm during the commission of a felony, claimed he is incarcerated in violation of his constitutional rights. Petitioner specifically claimed that he was denied the right to effective assistance of counsel because trial counsel failed to raise the defense of insanity. The matter was referred to a magistrate judge for a report and recommendation (MJRR). The magistrate judge recommended that the petition be denied for lack of merit. Petitioner objected. The Court overruled the objections, adopted the MJRR, and dismissed the case. See Order filed January 14, 2010.

Before the Court is Petitioner's motion for a certificate of appealability. For the reasons that follow, the motion will be granted.

II.

A.

Before Petitioner can appeal the Court's decision, a certificate of appealability (COA) must issue. See 28 U.S.C. § 2253(c)(1) and Fed. R. App. P. 22(b). A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In Slack v. McDaniel, 529 U.S. 473, 120 S. Ct. 1595 (2000), the United States Supreme Court held that where, as here, a petition is rejected on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." 120 S. Ct. at 1604. The Supreme Court has also explained that "[t]his threshold inquiry does not require full consideration of the factual or legal bases adduced in support of the claims." Miller-El v. Cockrell, 123 S.Ct. 1029, 1039 (2003). "A prisoner seeking a COA must prove 'something more than the absence of frivolity' 'or the existence of mere good faith on his or her part.'" A prisoner need not prove that "some jurists would grant the petition for habeas corpus .... a claim can be debatable even though every jurist of reason might agree, after the COA has been granted and the case has received full consideration, that petitioner will not prevail." Id. at 1040.

In this Circuit, the Court must make an individualized determination of each claim raised in the petition in considering whether or not to grant a COA. See Murphy v. State of Ohio, 263 F.3d 466 (6th Cir. 2001) (per curiam). Moreover, where, as here, a petitioner files a notice of appeal, the Court must issue a order granting or denying a COA. Castro v. United States, 310 F.3d 900 (6th Cir. 2002) (per curiam).

B.

Because reasonable jurists could debate whether the state court's determination that Petitioner was not prejudiced by counsel's failure to raise the defense of insanity was an unreasonable application of federal law, Petitioner is entitled to a COA on this issue. Accordingly, Petitioner's motion is GRANTED.

SO ORDERED.

                                            s/ Avern Cohn
                                            AVERN COHN
                                            UNITED STATES DISTRICT JUDGE

Dated: February 18, 2010

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, February 18, 2010, by electronic and/or ordinary mail.

                                            s/ Julie Owens
                                            Case Manager, (313) 234-5160